David P. Enzminger (SBN: 137065)
denzminger@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave.
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

James C. Lin (SBN: 271673)
jalin@winston.com
WINSTON & STRAWN LLP
275 Middlefield Rd., Suite 205
Menlo Park, CA 94025
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

Michael French (*Pro Hac Vice*)
mfrench@winston.com
WINSTON & STRAWN LLP
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

*Attorneys for Defendant*
CISCO SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| CORE OPTICAL TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:20-cv-01468-JAK (RAOx)<br><br>**DEFENDANT CISCO SYSTEMS, INC.'S ANSWER, AFFIRMATIVE DEFENSES TO PLAINTIFF CORE OPTICAL TECHNOLOGIES, LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Defendant Cisco Systems, Inc. ("Cisco" or "Defendant"), by and through its undersigned counsel, hereby submits this Answer and these Affirmative Defenses in response to the First Amended Complaint ("FAC") filed by Plaintiff Core Optical Technologies, LLC ("Core" or "Plaintiff"). To the extent not specifically admitted herein, all allegations of the FAC are denied. Furthermore, the section headings included herein are included only for purposes of clarity and organization. Defendant denies any allegations that may be implied or inferred from the headings of the FAC.

## RESPONDING TO THE FIRST AMENDED COMPLAINT'S ALLEGATIONS

## THE PARTIES

1. Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the FAC, and therefore denies the same.

2. Admitted.

3. Cisco understands that Core purports to identify "Defendant Does." Cisco denies that any Cisco customer or end-user infringes any Asserted Claim. The remaining allegations in this paragraph either require no response, or contain legal conclusions for which no response is required. To the extent any response is required, Cisco denies the remaining allegations in Paragraph 3.

4. Cisco understands that Core purports to identify "Doe Defendants" or "Defendant Does." Cisco denies that any Cisco customer or end-user infringes any Asserted Claim. The remaining allegations in this paragraph either require no response, or contain legal conclusions for which no response is required. To the extent any response is required, Cisco denies the remaining allegations in Paragraph 4.

5. Cisco denies that any supposed Doe Defendant has infringed any Asserted Claim in any manner. The remaining allegations in this paragraph either require no response, or contain legal conclusions for which no response is required. To the extent any response is required, Cisco denies the remaining allegations in Paragraph 5.

## JURISDICTION AND VENUE

6. Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the FAC, and therefore denies the same.

7. Cisco admits that this case purports to be a patent case, and this Court has jurisdiction.

8. Cisco does not contest personal jurisdiction for purposes of this matter. The remaining allegations in this paragraph contain legal conclusions for which no response is required. To the extent any response is required, Cisco denies the remaining allegations in Paragraph 8.

9. Cisco does not contest personal jurisdiction for purposes of this matter. The remaining allegations in this paragraph contain legal conclusions for which no response is required. To the extent any response is required, Cisco denies the remaining allegations in Paragraph 9.

10. Cisco does not contest personal jurisdiction for purposes of this matter. The remaining allegations in this paragraph contain legal conclusions for which no response is required. To the extent any response is required, Cisco denies the remaining allegations in Paragraph 10.

11. Denied.

12. Denied.

13. Denied.

14. Cisco does not contest venue for the purpose of this matter. Cisco cannot address the appropriateness of venue for unnamed Doe Defendants, and therefore denies that venue is proper as to any Doe Defendant.

15. Cisco does not contest venue for the purpose of this matter. The remaining allegations in this paragraph contain legal conclusions for which no response is required. To the extent any response is required, Cisco denies the remaining allegations in Paragraph 15.

# THE ASSERTED PATENT

16. Cisco denies it has adopted the technology of the '211 Patent. Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the FAC, and therefore denies the same.

17. Cisco admits that the face of the '211 Patent lists an issue date of August 24, 2004 and Provisional Patent Application No. 60/107,123 and Application No. 09/434,213. Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the FAC, and therefore denies the same.

18. Paragraph 18 represents that Core only asserts method claims, and discloses an accurate representation of claim 33 of the '211 Patent. Accordingly, no response to this Paragraph 18 is required. To the extent any response is required, Cisco denies the remaining allegations in Paragraph 18.

# DEFENDANTS' CROSS POLARIZATION CANCELLING DEVICES

19. Cisco admits that it sells products designated NCS 1000, NCS 2000, NCS 4000, and ONS 15454. Cisco denies that any Cisco product infringes any Asserted Claim. This paragraph purports to define "Fiber Optic XPIC Devices," but that definition is too vague to be understood, and Cisco therefore denies any allegation as to "Fiber Optic XPIC Devices." The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 19 of the FAC, and therefore denies the same.

20. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 20 of the FAC, and therefore denies the same.

21. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the

1 | remaining allegations in Paragraph 21 of the FAC, and therefore denies the same.

2 |   22. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 22 of the FAC, and therefore denies the same.

  23. Cisco admits that this paragraph purports to point to various Cisco data sheets for optical products. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 23 of the FAC, and therefore denies the same.

  24. Cisco admits that this paragraph purports to point to various Cisco data sheets for optical products. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 24 of the FAC, and therefore denies the same.

  25. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 25 of the FAC, and therefore denies the same.

  26. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 26 of the FAC, and therefore denies the same.

  27. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the

remaining allegations in Paragraph 27 of the FAC, and therefore denies the same.

28. Cisco admits that this paragraph purports to point to Cisco data sheets for an optical product. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 28 of the FAC, and therefore denies the same.

29. Cisco admits that the NCS200 can be configured with multiple slots. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 29 of the FAC, and therefore denies the same.

30. Cisco admits that this paragraph purports to point to Cisco data sheets for an optical product. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 30 of the FAC, and therefore denies the same.

31. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 31 of the FAC, and therefore denies the same.

32. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 32 of the FAC, and therefore denies the same.

33. Cisco admits that this paragraph purports to point to a Cisco presentation for an optical product. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about

the truth of the remaining allegations in Paragraph 33 of the FAC, and therefore denies the same.

34. Cisco admits that this paragraph purports to point to a Cisco presentation for an optical product. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 34 of the FAC, and therefore denies the same.

35. Cisco admits that this paragraph purports to point to a Cisco data sheet for an optical product. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 35 of the FAC, and therefore denies the same.

36. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 36 of the FAC, and therefore denies the same.

37. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 37 of the FAC, and therefore denies the same.

38. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 38 of the FAC, and therefore denies the same.

39. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and

Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 39 of the FAC, and therefore denies the same.

40. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 40 of the FAC, and therefore denies the same.

41. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 41 of the FAC, and therefore denies the same.

42. Cisco denies that any Cisco product infringes any Asserted Claim. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 42 of the FAC, and therefore denies the same.

## Marking – 35 U.S.C. § 287(a)

43. Cisco lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 43 of the FAC, and therefore denies the same.

44. Cisco lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 44 of the FAC, and therefore denies the same.

45. Paragraph 45 contains legal conclusions for which no response is required. To the extent any response is required, Cisco denies the allegations in Paragraph 45.

46. Paragraph 46 contains legal conclusions for which no response is required. To the extent any response is required, Cisco denies the allegations in Paragraph 46.

47. Paragraph 47 contains legal conclusions for which no response is required. To the extent any response is required, Cisco denies the allegations in Paragraph 47.

## COUNT I – DIRECT PATENT INFRINGEMENT (35 U.S.C. § 271(a))

48. Cisco incorporates by reference its responses to Paragraphs 1 – 47, as if fully set forth herein.

49. Cisco admits that it sells products in the United States. The remainder of the allegations in this paragraph are too vague to be understood, and Cisco therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 49 of the FAC, and therefore denies the same.

50. Denied.

51. Denied.

## REMEDIES, ENHANCED DAMAGES, EXCEPTIONAL CASE

52. Cisco incorporates by reference its responses to Paragraphs 1 – 51, as if fully set forth herein.

53. Denied.

54. Denied.

55. This paragraph contains legal conclusions for which no response is required. Cisco denies that the Asserted Claims of the '211 Patent are valid. Cisco denies any remaining allegations in Paragraph 55.

56. Denied.

57. Denied.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Core, to which no response is required. Cisco denies that Core is entitled to any of the requested relief and denies any allegations contained in these paragraphs. Cisco requests that a take-nothing judgment be entered in its favor against Core on each and every count contained in the FAC.

## JURY TRIAL DEMAND

This paragraph sets forth Core's request for a jury trial, to which no response is required.

# DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Cisco asserts the following defenses. Cisco reserves the right to amend this answer with additional defenses as further information is obtained. Cisco asserts each of these defenses in the alternative, without admitting that Cisco is in any way liable to Core, that Core has been or will be injured or damaged in any way, or that Core is entitled to any relief whatsoever. As a defense to the FAC and each and every allegation contained therein, Cisco alleges as follows.

## FIRST DEFENSE
### (Failure to State a Claim for Relief)

1. Core's claims fail to allege facts sufficient to state a claim for relief against Cisco.

## SECOND DEFENSE
### (Noninfringement)

2. Cisco has not directly or indirectly infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the '211 Patent.

## THIRD DEFENSE
### (Invalidity)

3. The claims of the '211 Patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including more particularly failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

## FOURTH DEFENSE
### (Statutory Limitations on Damages / Failure to Provide Notice)

4. Any claim by Core for damages is limited by 35 U.S.C. §§ 286-288. Core is barred by 35 U.S.C. § 287 from recovering damages in this case due to Core's and/or Core's licensees' failure to mark. Core is barred by 35 U.S.C. § 288 from

recovering costs associated with this action.

## FIFTH DEFENSE

### (Estoppel / Waiver)

5. Core cannot recover any damages from Cisco for alleged infringement of the '211 Patent due to estoppel and/or waiver. On information and belief, Core was aware of Cisco's allegedly infringing products and services long before filing the FAC and, by not pursuing these claims sooner, any right to assert those claims was waived and/or rendered unwarranted estoppel, and/or acquiescence. Such delay was unreasonably long and prejudicial to Cisco.

## SIXTH DEFENSE

### (Unclean Hands)

6. Core's claims are barred, either in whole or in part, by the doctrine of unclean hands.

## SEVENTH DEFENSE

### (License)

7. To the extent that Core has granted any of Cisco's suppliers or customers a license under the '211 Patent, or to the extent any of Cisco's suppliers or customers otherwise have a license under the '211 Patent, the relief sought by Core in relation to the '211 Patent is barred by license and/or under the doctrine of patent exhaustion.

## EIGHTH DEFENSE

### (Prosecution History Estoppel)

8. Core is barred by the doctrine of prosecution history estoppel from asserting disclaimed claim constructions or alleging causes of action for infringement of the Asserted Patents in light of arguments and amendments made to obtain allowance of the applications related to the '211 Patent or maintain validity of the '211 Patent before the Patent Office or PTAB.

## NINTH DEFENSE

### (Limitation on Doctrine of Equivalents)

9. To the extent that Core's alleged cause of action for infringement of the '211 Patent contradict its statements to the U.S. Patent and Trademark Office in obtaining the '211 Patent, or related patents, Core is barred under the doctrine of prosecution history estoppel and/or other limits to the doctrine of equivalents, and Core is estopped from claiming that the Asserted Patents cover any accused Cisco method.

## TENTH DEFENSE

### (Ownership / Standing)

10. To the extent that Core does not possess all substantial rights in the '211 Patent, including to the extent that other entities, including the University of California or TRW (or its successor Northrop Grumman), possess rights in the '211 Patent, Core is not the true owner of the '211 Patent and therefore is not entitled to seek relief for any alleged infringement, and lacks sufficient standing to bring suit.

## ELEVENTH DEFENSE

### (No Equitable Entitlement to Injunctive Relief)

11. Core is not entitled to injunctive relief under any theory, including because the Asserted Patent expired before this action was filed, and therefore any alleged injury to Core is not immediate or irreparable, Core has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## TWELFTH DEFENSE

### (No Willful Infringement)

12. Core is not entitled to enhanced damages under 35 U.S.C. § 284 because Core has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement. Core has failed to state a claim for willful infringement for failing to identify any pre-suit factual basis that Cisco had actual knowledge of or was willfully blind to the '211 Patent or Cisco's alleged infringement.

## THIRTEENTH DEFENSE

### (No Exceptional Case)

13. Core cannot prove that this is an exceptional case justifying an award of attorney's fees against Cisco pursuant to 35 U.S.C. § 285.

## FOURTEENTH DEFENSE
### (Statutory Limitation)

14. To the extent certain equipment accused of infringing the '211 Patent are used by and/or manufactured for the United States Government, Core's claims involving Cisco with respect to such equipment may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## FIFTEENTH DEFENSE
### (Acts of Others)

15. The claims made in the FAC are barred, in whole or in part, because Cisco is not liable for the acts of others over whom it has no control.

## SIXTEENTH DEFENSE
### (No Causation)

16. Core's claims against Cisco are barred because Core's damages, if any, were not caused by Cisco.

## SEVENTEENTH DEFENSE
### (Patent Misuse)

17. Core's claims are barred, in whole or in part, by the defense of patent misuse.

## RESERVATION OF DEFENSES

18. Cisco reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the '211 Patent based on inequitable conduct, based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that Cisco has the burden of proving the matter asserted.

**PRAYER FOR RELIEF**

1. Dismissing with prejudice Core's FAC and all claims asserted therein against Cisco, such that Core takes nothing by way of its FAC;

2. Declaring that Cisco does not, and has not, infringed, induced infringement of, or contributed to the infringement of, any valid claim of the '211 Patent;

3. Declaring that the claims of the '211 Patent are invalid and/or unenforceable;

4. Entering an award to Cisco of its attorneys' fees and expenses under 35 U.S.C. § 285;

5. Entering an award to Cisco of its costs incurred; and

6. Granting to Cisco such other relief as the Court deems just, proper, and equitable under the circumstances.

Dated:  November 9, 2020         WINSTON & STRAWN LLP

By: */s/ Krishnan Padmanabhan*

David P. Enzminger
Krishnan Padmanabhan
James C. Lin
Michael French

*Attorneys for Defendant*
CISCO SYSTEMS, INC.