# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORE OPTICAL TECHNOLOGIES, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC. and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | No. 8:20-cv-01468-JAK-RAO<br><br>**ORDER RE STIPULATION TO AMEND PROTECTIVE ORDER (DKT. 38)** |

　　　WHEREAS, the Court has entered its Standing Protective Order for Patent Cases in this matter (Dkt. 13 at 65-76);

　　　WHEREAS, Plaintiff Core Optical Technologies, LLC ("Core") has served a subpoena upon third party Acacia Communications, Inc. ("Acacia"), seeking certain information relevant to this case, including source code;

　　　WHEREAS, Acacia has requested additional protections for any source code it may produce, beyond the provisions of Paragraphs 5.2-5.4 of the Protective Order;

　　　WHEREAS, Core and Defendant Cisco Systems, Inc. ("Cisco") have agreed to these additional protections;

　　　WHEREAS, Core, Cisco and Acacia only seek to modify the Protective Order with respect to any source code Acacia makes available for inspection;

WHEREAS, Core, Cisco and Acacia have stipulated to these modifications; and

WHEREAS, the Court finds that the proposed modifications are reasonably and narrowly tailored to protect Acacia's source code;

THEREFORE, for good cause shown, it is hereby ordered that:

1. Based on a review of Core, Cisco, and Acacia's Stipulation to Amend Protective Order (the "Stipulation" (Dkt. 38)), sufficient good cause has been shown for the requested relief. Therefore, the Stipulation is **APPROVED.**

2. Acacia's production of source code shall be governed by the following modified versions of Paragraphs 5.2, 5.3 and 5.4. For purposes of Acacia's production of source code, Paragraphs 5.2, 5.3 and 5.4 of the Standing Protective Order shall be deemed REPLACED in their entirety by the following modified versions. All other provisions of the Standing Protective Order shall remain in full force and effect:

**Modified Paragraphs 5.2-5.4 (for Acacia source code production):**

**5.2 Location and Supervision of Inspection.** Any HIGHLY CONFIDENTIAL –SOURCE CODE produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the designating party's counsel or another mutually agreeable location. The inspecting party shall provide at least 60 hours' notice to the designating party of the dates that it is planning to review source code and the names of individuals who will review source code, and the designating party shall make the code available Monday through Friday (excluding holidays) from 9 a.m. to 5 p.m., shall not unreasonably restrict access to such review, and shall accommodate requests made on shorter notice when possible. If the planned date for source code review falls on a Monday (or Tuesday following a Monday holiday), the inspecting party shall give notice by 4 p.m. on the Thursday prior to the inspection date. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or

network access to other computers, and the inspecting party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The designating party may visually monitor the activities of the inspecting party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

Electronic devices (including laptops) and devices capable of copying, photographing, or recording (including cellular telephones) are not permitted to be brought by reviewers into the source code review room. Notes may only be taken on notebooks that have affixed on the cover the business card of the person to whom the notebook belongs and clearly and prominently contain a legend on the cover or on the first page identifying the case name, number, notetaker contact information, and the phrase "HIGHLY CONFIDENTIAL." No loose paper may be brought into the secured room. The designating party shall keep a record of representatives of the inspecting party who enter and leave the source code review room.

No employee of any party, including in-house counsel, will be permitted to inspect any source code Acacia makes available for inspection and the provisions of Section 4.4, including 4.4.1 through 4.4.4 of the Standing Protective Order will be inapplicable to any source code Acacia makes available for inspection.

**5.3 Paper Copies of Source Code Excerpts.** The inspecting party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers, or for deposition or trial. The designating party shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." Paper copies of Acacia's source code, or documents containing information derived from Acacia's source code, may not be provided to an employee of a party, including in-house counsel, under any circumstances. Section 4.4, including 4.4.1 through 4.4.4 of the Standing Protective Order will be inapplicable to any paper copies of Acacia's source code or documents containing information derived from

Acacia's source code.

**5.4 Access Record.** The inspecting party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The inspecting party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document. The inspecting party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual. Upon final disposition of this action as set forth in paragraph 10, the designating party may request a certification in writing that all copies of source code, including any materials containing source code information, including source code reviewer notes, were destroyed. Alternatively at the designating party's discretion the designating party may request all copies of source code, including materials containing source code and reviewer notes, be returned. This provision shall not alter the receiving party's right to maintain an archival copy of the materials identified in paragraph 10.

**IT IS SO ORDERED.**

Date: June 17, 2021

_____
John A. Kronstadt
United States District Judge