John D. Haynes (*pro hac vice*)
john.haynes@alston.com
**Alston & Bird LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777

***Attorney for Nokia Defendants***

David P. Enzminger (SBN 137065)
denzminger@winston.com
**Winston & Strawn LLP**
333 S. Grand Ave.
Los Angeles, CA 90071
Telephone: 213-615-1700
Facsimile: 213-615-1750

***Attorney for Cisco Systems, Inc. and ADVA Defendants***

***(Additional counsel information omitted)***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

CORE OPTICAL TECHNOLOGIES, LLC,

Plaintiff,

v.

NOKIA CORPORATION and NOKIA OF AMERICA CORPORATION,

CISCO SYSTEMS, INC.,

ADVA OPTICAL NETWORKING SE and ADVA OPTICAL NETWORKING NORTH AMERICA, INC.,

Defendants.

Case No. 8:19-cv-02190 JAK (RAOx)
Case No. 8:20-cv-01468 JAK (RAOx)
Case No. 8:20-cv-01463 JAK (RAOx)

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY**

Action filed: November 12, 2019

Hearing date: December 6, 2021
Time: 8:30 a.m.

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. RELEVANT PROCEDURAL HISTORY .......... 1

A. *Core Optical Techs., LLC v. Nokia Corp. et al.*, Case No. 8:19-cv-02190 JAK (RAOx) ("Nokia D.I.") .......... 1

B. *Core Optical Techs., LLC v. Cisco Sys. Inc., et al.*, Case No. 8:20-cv-1468 JAK (RAOx) ("Cisco D.I.") .......... 2

C. *Core Optical Techs., LLC v. ADVA Optical Networking SE et al.*, Case No. 8:20-cv-01463 JAK (RAOx) ("ADVA D.I.") .......... 2

D. Customer Cases .......... 2

III. LEGAL STANDARDS .......... 3

IV. ARGUMENT .......... 4

A. Defendants' Motion Is Potentially Dispositive of the Entire Case. .......... 4

B. Defendants' Motion for Summary Judgment Can Be Decided Without Discovery. .......... 5

C. A Temporary Stay of Discovery Will Not Prejudice Core Optical and Will Promote Judicial Economy .......... 6

D. If Discovery Proceeds, It Should Be Limited to Discovery Related to Defendants' Motion. .......... 9

V. CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**


*Clardy v. Gilmore*,
773 F. App'x 958 (9th Cir. 2019) .......... 3

*Collins v. Washington*,
520 F. App'x 577 (9th Cir. 2013) .......... 3

*Dominion Assets LLC v. Masimo Corp.*,
12-cv-02773-BLF, 2014 WL 2937058 (N.D. Cal. June 27, 2014) .......... 5

*FilmTec Corp. v. Allied-Signal, Inc.*,
939 F.2d 1568 (Fed. Cir. 1991) .......... 4

*Innovative Patented Tech., LLC v. Samsung Elecs. Co.*,
No. 07-81148-CIV, 2008 WL 2726914 (S.D. Fla. July 10, 2008) .......... 5

*Kuzova v. U.S. Dep't of Homeland Sec.*,
No. 2:10-cv-1771-GMN GWF, 2011 U.S. Dist. LEXIS 85749 (D. Nev. Aug. 3, 2011) .......... 5

*Lans v. Digit. Equip. Corp.*,
252 F.3d 1320 (Fed. Cir. 2001) .......... 4, 6

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988) .......... 3

*Mlejnecky v. Olympus Imaging Am., Inc.*,
No. 2:10-cv-02630 JAM KJN, 2011 U.S. Dist. LEXIS 16128 (E.D. Cal. Feb. 7, 2011) .......... 4, 5

*Patten v. Deschamps*,
No. CV 18-1869-VAP (GJS), 2018 U.S. Dist. LEXIS 227373 (C.D. Cal. Sept. 7, 2018) .......... 4

*Picture Pats., LLC v. Terra Holdings LLC*,
No. 07 Civ. 5465 (JGK)(HBP), 2008 WL 5099947 (S.D.N.Y. Dec. 3, 2008) .......... 3

*Purecircle USA, Inc. v. SweeGen, Inc.*,
No. SACV 18-1679-JVS, 2019 WL 3220021 (C.D. Cal. June 3, 2019) .......... 7

*Regents of the Univ. of N.M. v. Knight*, 321 F.3d 1111 (Fed. Cir. 2003) ........................................................................ 5

*Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988) ........................................................................ 4

*Spearman v. I Play, Inc.*, No. 2:17-cv-01563-TLN-KJN, 2018 U.S. Dist. LEXIS 44815 (E.D. Cal. Mar. 16, 2018) ........................................................................ 4, 6

*Tierravision, Inc. v. Google, Inc.*, No. 11cv2170 DMS(BGS), 2012 WL 559993 (S.D. Cal. Feb. 21, 2021) ............ 7

*United States v. 1,106,775.00 in U.S. Currency*, No. 3:20-cv-158-MDD WGC, 2020 U.S. Dist. LEXIS 219807 (D. Nev. Nov. 23, 2020) ........................................................................ 5

*Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, 12-cv-02640-REB-KMT, 2013 WL 2466917 (D. Colo. June 7, 2013) ............... 3

**RULES**

Fed. R. Civ. P. 12(b)(6) ........................................................................ 2

Fed. R. Civ. P. 15 ........................................................................ 1

# I. INTRODUCTION

In this consolidated action, Plaintiff Core Optical Technologies, LLC ("Core Optical"), alleges that Defendants Nokia Corp., Nokia of America Corp., Cisco Systems Inc., and ADVA Optical Networking North America, Inc. (collectively, "Defendants") and dozens of their customers infringe U.S. Pat. No. 6,782,211 ("the '211 patent"). But, as explained in Defendants' motion for summary judgment, filed contemporaneously herewith, the undisputed facts establish that Core Optical ***does not*** have a legitimate ownership interest in the asserted patent, and therefore, it lacks standing to sue. This threshold issue—whether Core Optical has standing—should be addressed before Defendants are forced to engage in any more costly, time-consuming, and overwhelmingly one-sided merits discovery. For that reason, Defendants have now "file[d] an early dispositive motion based on standing/ownership," and per the Court's suggestion, Defendants respectfully submit this "application requesting a stay of the remaining deadlines pending a decision on the motion." *See Core Optical Techs., LLC v. Nokia Corp. et al.*, Case No. 8:19-cv-02190 JAK (RAOx), D.I. 74 at 2. There is good cause for a stay, as Defendants' motion will dispose of the entire case. And granting the requested stay will not prejudice Core Optical because the only asserted patent expired before this case was filed. Core Optical thus seeks only pre-suit damages, and Core Optical is not entitled to injunctive relief. Thus, staying discovery and focusing on the pending motion will only serve to promote judicial economy.

# II. RELEVANT PROCEDURAL HISTORY

## A. *Core Optical Techs., LLC v. Nokia Corp. et al.*, Case No. 8:19-cv-02190 JAK (RAOx) ("Nokia D.I.")

Core Optical filed its original Complaint against Nokia Corp. and Nokia of America Corp. (collectively, "Nokia Defendants") (Nokia D.I. 1) on November 12, 2019 and its First Amended Complaint (Nokia D.I. 25) on January 31, 2020. The Court struck Core Optical's FAC as untimely under Fed. R. Civ. P. 15 on February 12, 2020 (Nokia D.I. 31). Core Optical then refiled its FAC on February 19, 2020 (Nokia D.I. 37;

*see also* Nokia D.I. 35; Nokia D.I. 36). The Nokia Defendants filed a motion to dismiss Core Optical's First Amended Complaint on March 6, 2020 (Nokia D.I. 38). In response to the Nokia Defendants' motion, Core Optical filed its Second Amended Complaint (Nokia D.I. 42) on March 27, 2020. The Nokia Defendants again timely moved to dismiss Core Optical's Second Amended Complaint in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b)(6) on April 10, 2020 (Nokia D.I. 44). The Court granted-in-part and denied-in-part Nokia's motion to dismiss (Nokia D.I. 61). Additionally, the Court deferred ruling on Nokia Corp.'s motion to dismiss for lack of personal jurisdiction (*id.*)

**B. *Core Optical Techs., LLC v. Cisco Sys. Inc., et al.*, Case No. 8:20-cv-1468 JAK (RAOx) ("Cisco D.I.")**

Core Optical filed its original Complaint against Cisco (Cisco D.I. 1) on August 7, 2020 and its First Amended Complaint (Cisco D.I. 33) on April 27, 2021. Core Optical then filed its Second Amended Complaint (Cisco D.I. 36) on May 7, 2021.

**C. *Core Optical Techs., LLC v. ADVA Optical Networking SE et al.*, Case No. 8:20-cv-01463 JAK (RAOx) ("ADVA D.I.")**

Core Optical filed its Complaint against ADVA on August 6, 2020. (ADVA D.I. 1). ADVA filed its Answer (ADVA D.I. 32) on November 6, 2020 and concurrently filed a Counterclaim against Core Optical (ADVA D.I. 33). ADVA filed its First Amended Counterclaim on November 24, 2020 (ADVA D.I. 37).

**D. Customer Cases**

Core Optical has also filed cases against Nokia of America Corp.'s, Cisco's, and ADVA's customers. *Core Optical Techs., LLC v. Amazon.com, Inc. et al.*, Case No. 8:21-cv-00049 JAK (RAOx); *Core Optical Techs., LLC v. Comcast Corp. et al.*, Case No. 8:21-cv-00046 JAK (RAOx); *Core Optical Techs., LLC v. Charter Commc'ns, Inc.*, Case No. 8:21-cv-00789 JAK (RAOx). These cases include defendants such as: Alcatel Submarine Networks SAS ("ASN"), AT&T, Charter, Comcast, Google, Microsoft, Verizon, Apple, BTE, CenturyLink, Cox, Quest, Zayo, Amazon, and 30 unnamed

DOES. With the exception of ASN, Core Optical stayed these cases. *Core Optical Techs., LLC v. Amazon.com, Inc. et al.*, Case No. 8:21-cv-00049-JAK (RAOx), D.I. 35, 36; *Core Optical Techs., LLC v. Comcast Corp. et al.*, Case No. 8:21-cv-00046 JAK (RAOx) D.I. 58, 59; *Core Optical Techs., LLC v. Charter Commc'ns, Inc.*, Case No. 8:21-cv-00789 JAK (RAOx), D.I. 32, 33. Core Optical indicated to the court that it intends to take third party discovery of these numerous customer defendants (*id.*).

## III. LEGAL STANDARDS

Courts have broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). This includes the power to stay discovery pending resolution of a dispositive motion. *See Collins v. Washington*, 520 F. App'x 577, 578 (9th Cir. 2013) (finding district court did not err in staying discovery pending resolution of a motion for summary judgment). Indeed, a stay of discovery is "within the district court's discretion" when discovery would be an "unnecessary burden and expense before threshold, dispositive issues . . . [are] resolved." *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019). Courts regularly stay discovery pending disputes over the threshold issue of standing, including when this issue is raised by a question of whether the plaintiff properly owns the patent-in-suit. *See Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, 12-cv-02640-REB-KMT, 2013 WL 2466917, at *1-3 (D. Colo. June 7, 2013) (granting motion to stay all discovery in the case pending resolution of the accused infringer's standing motion based on plaintiff's lack of ownership of the patent-in-suit); *Picture Pats., LLC v. Terra Holdings LLC*, No. 07 Civ. 5465 (JGK)(HBP), 2008 WL 5099947, *2-3 (S.D.N.Y. Dec. 3, 2008) (granting accused infringers' motion to stay discovery pending determination on standing motion based on plaintiff's lack of ownership of the patent-in-suit based on inventor's automatic of assignment of patent rights to employer), *aff'd sub nom. by Picture Pats., LLC v. Aeropostale, Inc.*, 469 F. App'x 912 (Fed. Cir. 2012).

To determine whether good cause to stay discovery exists, courts in the Ninth Circuit consider whether the pending motion (1) is "potentially dispositive of the entire

case, or at least dispositive on the issue at which discovery is aimed," and (2) "can be decided absent additional discovery." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 U.S. Dist. LEXIS 16128, at *19-20 (E.D. Cal. Feb. 7, 2011). This involves taking a "preliminary peek" at the merits of the pending motion. *Patten v. Deschamps*, No. CV 18-1869-VAP (GJS), 2018 U.S. Dist. LEXIS 227373, at *2-3 (C.D. Cal. Sept. 7, 2018). Additionally, "[w]hen evaluating a motion to stay, district courts 'inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Spearman v. I Play, Inc.*, No. 2:17-cv-01563-TLN-KJN, 2018 U.S. Dist. LEXIS 44815, at *3 (E.D. Cal. Mar. 16, 2018) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)).

## IV. **ARGUMENT**

Defendants' motion for summary judgment unquestionably satisfies both prongs of the *Mlejnecky* test: the Court's ruling on Defendants' motion could be dispositive of the entire case, and that ruling can be made without additional discovery. Accordingly, the requested stay will promote judicial economy, conserve the resources of the Parties, and not prejudice Core Optical.

### **A. Defendants' Motion Is Potentially Dispositive of the Entire Case.**

Defendants seek summary judgment compelling dismissal of each of Core Optical's presently-filed litigations because Core Optical lacks standing to assert the '211 patent. As discussed in detail in support of Defendants' motion to for summary judgment, Core Optical never had rights in the '211 patent. Instead, TRW (now Northrop Grumman) owned the '211 patent entirely at the outset by operation of the TRW assignment agreement.

If a party "lacks title to the patent," it has "no standing to bring an infringement action[.]" *FilmTec Corp. v. Allied-Signal, Inc.*, 939 F.2d 1568, 1571 (Fed. Cir. 1991); *Lans v. Digit. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (same). While "initial ownership of a patent vests in the inventor," those "inventors can assign all or part of

their interest in a patent." *Regents of the Univ. of N.M. v. Knight*, 321 F.3d 1111, 1118-19 (Fed. Cir. 2003), *aff'd* 116 F. App'x 258 (Fed. Cir. 2004); *Dominion Assets LLC v. Masimo Corp.*, 12-cv-02773-BLF, 2014 WL 2937058, at *4 (N.D. Cal. June 27, 2014) (plaintiffs lack standing to sue if they once "held title to a patent" but later "assigned that title to another"). Here, the undisputed facts establish that Dr. Mark Core—the lone named inventor on the '211 patent—assigned all rights, title, and interest in all inventions to TRW. Core Optical therefore lacks title to the '211 patent and has no standing to bring an infringement against any of the Defendants.

Thus, the first prong of the *Mlejnecky* test is satisfied. Indeed, standing is a critical threshold issue that must be resolved before addressing the merits of the underlying claim. *See United States v. 1,106,775.00 in U.S. Currency*, No. 3:20-cv-158-MDD WGC, 2020 U.S. Dist. LEXIS 219807, at *8-9 (D. Nev. Nov. 23, 2020) ("[G]ood cause exists here to grant the stay discovery motion until standing to pursue the ownership interest has been resolved."). Because Defendants' motion for summary judgment is so likely to dispose of these cases, continuing discovery before resolving Defendants' motion will almost certainly result in a waste of the parties' and the Court's time and resources. *See Kuzova v. U.S. Dep't of Homeland Sec.*, No. 2:10-cv-1771-GMN GWF, 2011 U.S. Dist. LEXIS 85749, at *6-7 (D. Nev. Aug. 3, 2011) (finding a stay of discovery appropriate because it would "prevent the wasting of time and effort of all concerned, and [would] make the most efficient use of judicial resources" where the underlying dispositive motion was based on a *threshold* issue); *Innovative Patented Tech., LLC v. Samsung Elecs. Co.*, No. 07-81148-CIV, 2008 WL 2726914, at *1 (S.D. Fla. July 10, 2008) (staying patent infringement case pending resolution of patent ownership issue which had been raised in another litigation).

**B. Defendants' Motion for Summary Judgment Can Be Decided Without Discovery.**

Defendants' pending motion for summary judgment can (and should) be decided without the need for additional discovery. Dr. Core has already been deposed, and the

fact that Core Optical is not the proper owner of the '211 patent is confirmed by the facts surrounding Dr. Core's assignment agreement with TRW. Defendants recently obtained discovery in the form of three declarations from TRW to confirm those facts, which Defendants served on Core Optical on August 31, 2021. Defendants then timely filed the pending motion for summary judgment and the instant motion to stay.

As set forth in detail in support of Defendants' motion for summary judgment, Dr. Core does not (and cannot) dispute that he signed the TRW Assignment agreement, under which he did not reserve the right to the invention asserted in the '211 patent. Dr. Core also cannot legitimately claim that he conceived and developed the invention asserted in the '211 patent without the use of TRW equipment, supplies, facility, or trade secret information, or that he developed the invention entirely on his own time. Nor can he dispute that the invention was related to TRW's business and that the invention resulted from work he performed for TRW. Thus, the only issue left is a legal one—whether the agreement operated to automatically vest title to the inventions in TRW. If the title to the invention automatically vested in TRW, then Core Optical does not have standing to assert the '211 patent against Defendants, and the entirety of the suit must be dismissed. *Lans*, 252 F.3d at 1328. The second prong of the *Mlejnecky* test is thus satisfied because Defendants' motion for summary judgment can dispose of the case without any fact discovery. See *Spearman*, 2018 U.S. Dist. LEXIS 44815, at *5 ("The motion to dismiss is fully briefed and can be decided without additional discovery. Accordingly, Defendant has met its burden and a motion to stay may issue.").

### C. A Temporary Stay of Discovery Will Not Prejudice Core Optical and Will Promote Judicial Economy

Additionally, a temporary stay of discovery pending resolution Defendants' motion will not prejudice Core Optical. It is undisputed that Core Optical has asserted a patent that expired before this case was filed. Core Optical thus seeks only pre-suit damages, and Core Optical is not entitled to injunctive relief. Core Optical also cannot complain about the short delay a stay would impose during resolution of Defendants'

motion, as Core Optical has already delayed resolution of these matters by extending deadlines in each of these cases (*see, e.g.*, Cisco D.I. 59). Moreover, Core Optical stipulated to stay its cases against Defendants' customers. *Core Optical Techs., LLC v. Amazon.com, Inc. et al.*, Case No. 8:21-cv-00049-JAK (RAOx), D.I. 35, 36; *Core Optical Techs., LLC v. Comcast Corp. et al.*, Case No. 8:21-cv-00046 JAK (RAOx) D.I. 58, 59; *Core Optical Techs., LLC v. Charter Commc'ns, Inc.*, Case No. 8:21-cv-00789 JAK (RAOx), D.I. 32, 33. These stays evidence that Core Optical will not be prejudiced by the pending request.

A temporary stay of discovery will also promote judicial economy. Core Optical has four active cases pending before this Court. These cases include multiple issues pending before the Court that do not need to be addressed because Core Optical lacks standing. For example, if the Court determines that Core Optical lacks standing it need not: (1) hold a claim construction hearing and issue a claim construction order; (2) rule on ASN's motion to dismiss (*Core Optical Techs., LLC v. Comcast Corp. et al.*, Case No. 8:21-cv-00046, D.I. 81 JAK (RAOx)); (3) rule on Core Optical's motion for leave to file a third amended complaint against the Nokia Defendants (Nokia D.I. 97); or (4) rule on whether the court has personal jurisdiction over Nokia Corp. (Nokia D.I. 61).

A tremendous amount of work remains to be completed by the parties and by the Court between now and the close of fact discovery. As this Court has held "[w]here 'there is more work ahead of the parties and the Court than behind,' this factor weighs in favor of granting a stay." *Purecircle USA, Inc. v. SweeGen, Inc.*, No. SACV 18-1679-JVS (JDEX), 2019 WL 3220021, at *2 (C.D. Cal. June 3, 2019) (Selna, J.) (quoting *Tierravision, Inc. v. Google, Inc.*, No. 11cv2170 DMS(BGS), 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012)). Only two depositions have taken place in the pending cases, *i.e.*, the deposition of Mark Core and a deposition of Nokia Corp. related to jurisdictional discovery. Declaration of Thomas W. Davison in Support of Defendants Motion to Stay Discovery ("Davison Decl."), ¶3. Core Optical has served 30(b)(6) deposition notices on each defendant that comprise 42 topics. *Id.* ¶4. These depositions

have yet to be scheduled. *Id*. Given the wide breadth of the 42 topics, it is almost certain that Defendants will have to provide numerous witnesses for 30(b)(6) deposition.

In addition to the vast resources necessary for the parties to complete the above described fact depositions, there also remains a significant amount of discovery yet to be produced and reviewed by both parties, including more specifically, email communications. The Parties are in the process of negotiating a stipulation regarding email production, which currently provides for the production of up to 25,000 emails from each Defendant Group (*i.e.*, the Nokia Defendants, Cisco, and ADVA). *Id.* ¶5. This amounts to the production of up to 75,000 emails from the Defendants. *Id.*

Moreover, there are likely to be numerous discovery and patent contention disputes requiring resolution by the Court over the remainder of fact discovery, including issues related to Core Optical's inadequate infringement contentions and Core Optical's inadequate responses to Defendants' interrogatories and requests for admission.

Staying these cases will also ensure that non-parties are not burdened with discovery until Core Optical establishes that it has standing. As discussed above, Core Optical has sued Defendants' customers: AT&T, Charter, Comcast, Google, Microsoft, Verizon, Apple, BTE, CenturyLink, Cox, Quest, Zayo, Amazon, and 30 unnamed DOES. Core Optical has indicated to the Court that it intends to take third party discovery of these non-parties. *Core Optical Techs., LLC v. Amazon.com, Inc. et al.*, Case No. 8:21-cv-00049-JAK (RAOx), D.I. 35, 36; *Core Optical Techs., LLC v. Comcast Corp. et al.*, Case No. 8:21-cv-00046 JAK (RAOx) Dkt. 58, 59; *Core Optical Techs., LLC v. Charter Commc'ns, Inc.*, Case No. 8:21-cv-00789 JAK (RAOx), D.I. 32, 33. Additionally, Defendants have three outstanding subpoenas to non-parties for documents and testimony. Davison Decl., ¶6. None of these non-parties should be burdened with discovery until the Court determines whether Core Optical has standing.

And that is just with respect to fact discovery. Expert discovery has not even started yet, and so the opening expert reports and rebuttal expert reports for issues of

infringement, invalidity, and damages are still to come, along with depositions of multiple experts on these issues. None of this discovery has occurred to date, and should not take place until the Court determines that Core Optical has standing.

Because a temporary stay of discovery will promote judicial economy, avoid needless waste of the Parties' and the Court's time and resources, and will not prejudice Core Optical, a stay is particularly appropriate here.

### D. If Discovery Proceeds, It Should Be Limited to Discovery Related to Defendants' Motion.

As explained above, Defendants' motion for summary judgment can, and should, be decided without any discovery. If, however, the Court deems any discovery necessary to resolve the issues set forth in Defendants' motion, the scope of any discovery should be limited to only the information and materials the Court deems necessary to resolve the issues raised in the motion. To the extent any discovery is allowed, limiting the scope of discovery in this way will allow the Court to resolve the issues raised in Defendants' motion for summary judgment while preventing expenditure of the Parties' time and resources on discovery that may ultimately prove unnecessary.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court temporarily stay discovery pending resolution of Defendants' motion for summary judgment. In the alternative, to the extent the Court believes that any discovery is necessary to resolve one or more issues raised in Defendants' motion, Defendants request that the Court limit the scope of discovery while Defendants' motion is pending to only discovery necessary to resolve those issues.

DATED: September 7, 2021

/s/ *Thomas W. Davison*

John D. Haynes (admitted *pro hac vice*)
john.haynes@alston.com

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Thomas W. Davison (admitted *pro hac vice*)
tom.davison@alston.com
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: (202) 239-3300
Facsimile: (202) 239-3333

H. James Abe (State Bar No. 265534)
james.abe@alston.com
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

***Attorneys for Defendants Nokia Corp. and Nokia of America Corp.***

/s/ *David P. Enzminger*
David P. Enzminger (SBN 137065)
denzminger@winston.com
**Winston & Strawn LLP**
333 S. Grand Ave.
Los Angeles, CA 90071
Telephone: 213-615-1700
Facsimile: 213-615-1750

Krishnan Padmanabhan (SB: 254220)
kpadmanabhan@winston.com
**Winston & Strawn LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Robert N. Kang (SBN: 274389)

rkang@winston.com
Winston & Strawn LLP
101 California Street, Suite 3500
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Michael French (Pro Hac Vice)
mfrench@winston.com
**Winston & Strawn LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

***Attorneys for Cisco Systems, Inc. and ADVA Defendants***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that all counsel of record who are deemed to have consented to electronic service are being served with a copy of **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY** via the Court's CM/ECF system this 7th day of September 2021.

/s/ *Krishnan Padmanabhan*

Krishnan Padmanabhan