UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CORE OPTICAL TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NOKIA CORPORATION and NOKIA OF AMERICA CORPORATION;<br><br>ADVA OPTICAL NETWORKING SE and ADVA OPTICAL NETWORKING NORTH AMERICA, INC.; and<br><br>CISCO SYSTEMS, INC.<br><br>Defendants. | CASE NO: 8:19-cv-2190-JAK-RAO<br>CASE NO: 8:20-cv-1463-JAK-RAO<br>CASE NO: 8:20-cv-1468-JAK-RAO<br><br>[~~PROPOSED~~] E-MAIL DISCOVERY ORDER |

Email discovery in the above-captioned cases shall proceed in accordance with the following terms and conditions:

1. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests.

2. By October 4, 2021, the Parties shall exchange a specific listing of the 10

most likely email custodians for each side. The listing shall include a short description of why each custodian is believed to be significant under the pleaded claims and defenses and the exchanged infringement and invalidity contentions, including an identification of the relevant topics on which the custodian may have emails.

3. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting side shall limit its email production requests to a total of five custodians per producing side for all such requests.

4. Each requesting side shall limit its email production requests to a total of five search terms per custodian per side. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (for example, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (for example, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (for example, "and," "but not," "w/x") is encouraged to limit the production and will be considered when determining whether to shift costs for disproportionate discovery.

5.  After a requesting party serves its initial list of up to five terms for each of the five custodians, the producing party may serve written objections to any search term within ten days. If objections are served, the parties shall meet and confer within ten days of service of the objections, to attempt to resolve them. If the parties are unable to resolve the objections, they shall promptly bring them to the Magistrate for resolution.

6. Once all objections to a requesting party's search terms have been resolved,

2
[PROPOSED] E-MAIL DISCOVERY ORDER

2060548.1

and a final list of up to twenty-five search terms (up to five per custodian) has been developed, the producing party shall exercise reasonable efforts to promptly run the search terms. Upon request by the requesting party, the producing party shall use Boolean search logic, such as "AND NOT," to ensure that the same hit does not appear multiple times for multiple search terms. If, for any given custodian, the search terms produce 5,000 or fewer hits, then the producing party shall promptly produce all non-privileged hits (and their attachments), and shall list all privileged hits (and their attachments) on a privilege log.

7. If, for any given custodian, the search terms yield more than 5,000 hits, then the producing party shall not produce the hits. Rather, the producing party shall provide a report listing the number of hits for each search term. That is, for a search with terms A, B, C, D, and E, in which the requesting party has requested the use of "AND NOT" Boolean search logic, the producing party shall produce a report in the form:

| | |
|---|---|
| **A:** | 4,000 |
| **B (AND NOT A):** | 2,000 |
| **C (AND NOT A OR B):** | 500 |
| **D (AND NOT A OR B OR C):** | 500 |
| **E (AND NOT A OR B OR C OR D):** | 250 |
| **Total Hits:** | 7,250 |

8. The requesting party shall then amend its search terms to attempt to reduce the number of hits. The producing party shall run the amended search terms. If they return 5,000 or fewer hits, then the non-privileged hits (and their attachments) shall be produced, and the privileged hits (and their attachments) shall be listed on a privilege log. If the amended search terms return more than 5,000 hits, then the process of Paragraphs 7-8 shall be repeated until the search terms yield 5,000 or fewer hits for the custodian. At that point, the non-privileged hits (and their attachments) shall be produced, and the privileged hits (and their attachments) shall be listed on a privilege

log.

9. For requests to Core Optical, because Core Optical only has one email custodian (Dr. Mark Core), the procedure will be slightly different. Each Defendant may propound 25 search terms for Dr. Core. Once the terms have been finalized (i.e., after any objections have been resolved), Core shall run the terms. If they produce 25,000 or fewer hits, Core shall produce the non-privileged hits (and their attachments), and shall list the privileged hits (and their attachments) on a privilege log. If the search terms produce more than 25,000 hits, Core shall provide a report listing the number of hits for each search term, in the form of Paragraph 8 above. The requesting party shall then amend its search terms to attempt to reduce the number of hits, and Core shall run the amended terms. This procedure will be repeated until the terms produce 25,000 or fewer hits, at which point Core will produce the non-privileged hits (and their attachments), and list the privileged hits (and their attachments) on a privilege log.

10. The searches shall be conducted such that both emails and their attachments are searched. If a search term is a hit for an email or any of its attachments, then the entire document family (i.e., the email with all attachments) will be deemed one "hit."

11. Documents may be produced in the following format:

 a. Parent documents should be produced with attachments, enclosures, and/or exhibits and may be produced in the form in which they are kept;

 b. Electronic mail files with attachments should be produced with attachments immediately following their respective parent email and the entire production range for the email and its respective attachments also provided (e.g., Beginning Group Range and Ending Group Range metadata fields populated) to the extent reasonably practical to do so;

 c. In addition, or alternatively, documents originating in

electronic format (including but not limited to Excel files, .txt files, and media files) may be produced in native format labeled with a production number (per document) and appropriate confidentiality designation, if any, in the file name or on the disks, hard drives, or other media containing such electronic files.

12. Under Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in this case or in any other federal or state proceeding.

13. The mere production of ESI in litigation as part of a mass production shall not itself constitute a waiver for any purpose. If a receiving party receives emails or attachments that appear to have a colorable claim of privilege (e.g., attorney-client, work-product, etc.), then the receiving party shall promptly notify the producing party after reviewing such emails or attachments. The producing party shall have the right to demand that the receiving party claw back the emails or attachments until the parties have reached agreement on whether they are privileged, or until the Court rules on whether they are privileged.

14. Except as expressly stated, nothing in this order affects the parties' discovery obligations under Federal or Local Rules.

IT IS SO ORDERED.

Date: October 4, 2021

_____
Hon. Rozella A. Oliver
United States Magistrate Judge